FERGUSON, Judge
(dissenting).
Diaz brought $90,000 to the business which was to be used for the purchase of real estate. He demanded a return of his monies from the two co-venturers and the attorney on learning that the property was never purchased. The money was not refunded. Those facts are not disputed. Diaz sued all three on theories of conspiracy, fraud, civil theft and conversion. No finding was made by the trial court, expressly or implicitly, that Diaz’s $90,000 was used in furtherance of the real estate purchase, and there is no evidence in the record to support that finding.
By directing a verdict in favor of Cantera and Salabarria, the court ruled that there was a lack of any legal evidence on the issues of fact raised by the pleading which could support a verdict for the nonmoving party under principles of substantive law applicable to the subject matter. Hilkmeyer v. Latin Am. Air Cargo Expediters, Inc., 94 So.2d 821 (Fla.1957). In entering judgment for Pozo, the trial court made a credibility determination that “they” — referring to all three defendants — “did not keep or deprive the plaintiff of the money.” Then what happened to it?
In summary, Diaz delivered $90,000 to one or more of the defendants to purchase an interest in real property; the property was not purchased; instead the money was converted. No one suggested the involvement of other persons as the wrongdoers, and, no other fact-supported theory has been advanced for exonerating all three defendants. Concededly, the evidence does not clearly identify which of the defendants should bear responsibility, but that is no basis for a blanket exculpation.